Jerome H. Ehrlich, Esq. Attorney for the Board of Education Lawrence Union Free School District
As attorney for the Board of Education of the Lawrence Union Free School District (school district) you request our opinion whether the same person simultaneously may hold the elective village office of trustee and the elective school district office of member of the board of education of the school district in which the village lies. The village is the Village of Cedarhurst (village). We will refer to the officer as the "board member-trustee". You report the following facts:
1. The superintendent of schools made recommendations to the board of education for consolidation and reorganization of the schools in the school district.
2. Some of the recommendations were that School #4 be closed at the beginning of September 1983, that various other schools be reorganized and the school district administrative offices be moved from their present location to School #5, which is in the village.
3. The plan submitted by the superintendent was taken up for action at a meeting of the board of education in December 1980 and a motion was made to adopt the plan.
4. An amending motion was then made to have the administrative offices of the board of education located elsewhere than in School #5, which is in the village.
5. The motion to amend the main motion was voted upon and defeated by a vote of 4 to 3.
6. The board member-trustee was one of the four to vote against the amendment.
7. The original motion to adopt the plan was then voted upon and carried by a vote of 4 to 3, with the board member-trustee voting in favor of the motion.
8. Following this, another motion was made to direct the superintendent of schools to consider closing School #5 in the village in the 1984 school year.
9. That motion was defeated by 4 votes against it, 1 vote for it and 2 absentions.
10. The board member-trustee cast one of the votes against the resolution.
You request our opinion whether the two positions held by the board member-trustee are compatible and whether there was any conflict of interest when the board member-trustee voted on the issues.
As a general rule one person may hold two public offices simultaneously unless the holding is expressly prohibited by the Constitution or a statute or the two offices are of such a nature that the simultaneous holding of both by the same person creates an incompatibility under the common law.
We find no constitutional or statutory prohibition against the holding of those two offices at the same time. It is even provided in Village Law § 3-300, subdivision 4 as follows:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
Examples of dual officeholding found unobjectionable under this provision are contained in the enclosed copies of our informal opinions reported in 1976 Op Atty Gen 95 and 1977 Op Atty Gen 297.
Other statutory treatment of the subject is found in Education Law, § 2103, subdivisions 1 and 3:
"§ 2103. Ineligibility to office
 "1. No district superintendent or supervisor is eligible to the office of trustee or member of a board of education, and no trustee or member of a board of education can hold the office of district clerk, collector, treasurer or librarian, except as otherwise provided by section twenty-one hundred thirty.
* * *
 "3. Not more than one member of a family shall be a member of the same board of education in any school district."
See, also, Education Law § 2112, subdivisions 1 and 3:
"§ 2112. Vacating office
 "1. A school district office becomes vacant by death, resignation, refusal to serve, incapacity, or removal from the district or from office.
* * *
 "3. A trustee or a member of a board of education vacates his office by the acceptance of either the office of district superintendent or of supervisor."
The office of "supervisor" mentioned in the Education Law is the office of town or city supervisor. Town Law, § 23 reads, in part, as follows:
"§ 23. Eligibility of town officers
 "No county treasurer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor."
and County Law, § 411 provides:
"§ 411. Holding more than one elective office
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor."
Not only is there no prohibition against the dual office-holding of village trustee and member of a board of education for the district in which the village lies, but the legislative pattern shows the thoroughness with which the Legislature has examined into the issue. Legislative silence can almost be construed as tantamount to authorization for school district and village offices to be held simultaneously by the same person.
In the absence of statutory prohibition or permission it becomes important to analyze the duties and functions of two offices to determine whether a common law incompatibility exists. The leading case on compatibility of office is People ex rel. Ryan v Green, 58 N.Y. 295
(1874). In that opinion it was stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two: as judge and clerk of the same court-officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one [to] the other, and they must, per se, have the right to interfere, one with the other before they are incompatible at common law. * * *" (Emphasis supplied.)
We find no official function of a village trustee which relates to a school district and no official function of a member of a board of education which relates to a village. An illustration of conflicting duties which make two offices incompatible is contained in our informal opinion of May 20, 1980, addressed to Alexander J. Hersha, a copy of which we enclose. However, the functions and duties of these two offices are unrelated and no incompatibility exists between them, a conclusion we reached in 1933 Op Atty Gen [Inf] 161 (48 St Dept Rep 161) and now repeat. Enclosed is a copy of that opinion.
You also inquired whether a conflict of interest existed which would disqualify the board member-trustee from voting. General Construction Law, § 41 provides, in part, as follows:
"§ 41. Quorum and majority
 "Whenever three or more public officers are given any power of authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting. As amended L. 1948, c. 320, eff. March 21, 1948."
Under this statute it is clear that no motion is carried unless it receives the affirmative vote of a majority of the total authorized membership of the board. Consequently, the motion to amend the report and recommendation of the superintendent of schools did not pass even without the board member-trustee's vote and the motion to request the superintendent of schools to consider closing School #5 did not pass because it received only one favorable vote. Thus, two of the three issues posed are academic. Only the question as to acceptance and implementation of the superintendent's report remains for comment.
There are no facts shown in your letter to indicate that the board member-trustee had any personal interest in the outcome of the school board vote other than the same personal interest motivating the other six board members. There was no suggestion of a prohibited Interest such as is described in General Municipal Law Article 18 (§§ 800-809) which would have required the board member-trustee to abstain from voting or to disclose a conflict of interest in writing to one or both of the municipal bodies.
We emphasize that honest individuals dedicated to identical ultimate ends can have legitimate differences in opinion as to how to attain those ends.
In McKinney's Statutes § 151 it is stated:
"§ 151. Imputation of bad faith to Legislature
 The courts will avoid the imputation of bad faith to the Legislature.
 "* * * the imputation of bad faith to the lawmakers is to be avoided by the courts, if possible. In the absence of language so clear that it does not allow room for construction, the courts will not ascribe an intention to the Legislature contrary to general and well-established rules of justice and fairness, * * *."
The word "Legislature" is applicable also to a village board of trustees and a board of education.
In our opinion, there is no incompatibility between the office of school board member and village trustee of a village in the school district and there is no inherent conflict of interest in the simultaneous holding of the two offices by the same person, which would disqualify him from voting on a plan, inter alia, to move the school district administrative offices to a school located in the village.
The foregoing opinion is subject to the content of any code of ethics adopted by the school district or the village under General Municipal Law, § 806 and is subject to any opinion which might be issued by a local board of ethics having jurisdiction and established under General Municipal Law, § 808.